UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| SCOTT SAFONT, } <br> ON BEHALF OF HIMSELF AND } <br> ALL OTHERS SIMILARLY SITUATED, } <br> } <br>                          Plaintiff, } <br>      v                                    } <br> } <br> ALLTRAN FINANCIAL, LP } <br> LVNV FUNDING LLC, AND } <br> SHERMAN FINANCIAL GROUP, LLC, } <br> } <br>                          Defendants. } | Civil Action, File No. <br> 1:18-cv-02309-FB-RLM |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Scott Safont [hereinafter "Safont"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Alltran Financial, LP [hereinafter "Alltran"], LVNV Funding LLC [hereinafter "LVNV"], and, Sherman Financial Group, LLC [hereinafter "Sherman"], collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned

transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Safont is a natural person who resides at 497 Lisk Avenue, Staten Island, NY 10303.

6. Safont is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 22, 2016, Alltran, on behalf of LVNV and Sherman, sent Safont the letter annexed as Exhibit A. Safont received and read Exhibit A. For the reasons set forth below, Safont's receipt and reading of Exhibit A deprived Safont of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Alltran, on behalf of LVNV and Sherman, sent Exhibit A to Safont in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Credit One Bank, N.A. for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. Alltran, on behalf of LVNV and Sherman, via Exhibit A, attempted to collect this past due debt from Safont in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

10. On March 1, 2017, LVNV, filed a lawsuit against Safont in the Civil Court of the City of New York, Richmond County under Index No. CV-000833-17/RI ("State Action") to recover the past due debt which is the subject of Exhibit A. The State Action is annexed as

Exhibit B.

11. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a *transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

12. 22 NYCRR 208.14-a defines a "consumer credit transaction" as "a revolving or open-end credit transaction wherein credit is extended by a financial institution, which is in the business of extending credit, to an individual primarily for personal, family or household purposes, the terms of which include periodic payment provisions, late charges and interest accrual.

13. The definition of a "consumer credit transaction" as set forth in the above paragraph matches or is akin to the definition of a "debt" under the FDCPA.

14. Since the State Action was filed in the Civil Court of the City of New York, 22 NYCRR 208.14-a is applicable to the State Court Action.

15. The top portion of the Summons annexed as part of Exhibit B sets forth the following: "**CONSUMER CREDIT TRANSACTION**".

16. Upon information and belief, the aforementioned Summons was used based on the fact that the debt allegedly owed by Safont was a "consumer credit transaction".

17. The New York City Civil Court designated the State Action as a "Consumer Credit" matter.

18. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. Alltran is a Texas Limited Partnership and a New York Foreign Limited Partnership.

20. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Alltran possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

21. Based upon Exhibit A and upon Alltran possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ARS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

22. On Exhibit A, Alltran sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

23. Based upon the allegations in the above three paragraphs, Alltran is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. LVNV is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

25. LVNV's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

26. As revealed from a search of the New York State Unified Court System eCourts website

("eCourts"), on a consistent and regular basis over a period of numerous years through the present LVNVs has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that LVNV became the owner of the debt from the original creditor.

27. The aforementioned consumers include New York City residents.

28. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

29. LVNV possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

30. On its website, LVNV describes itself as follows:

> "LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency."

31. Based upon Exhibit A and the above allegations, the principal purpose of LVNV is the collection of debts using the instrumentalities of interstate commerce, including mails and

telephone; and therefore, LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

32. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

33. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

34. Sherman wholly owns numerous subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.  Upon information and belief, Sherman directs and/or requires and/or allows Sherman's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Sherman's wholly owned "debt collectors" attempt to collect.

35. Based on the above, the principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

36. Based on the above, Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

37. Upon information and belief, LVNV and/or an entity on its behalf issued work standards,

directives, and/or guidelines to Alltran which contained instructions, controls, and rules governing the steps Alltran could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

38. LVNV is a wholly owned subsidiary of Sherman.

39. Upon information and belief, Sherman, a "debt collector", directs and/or requires and/or allows Sherman's wholly owned subsidiaries such as LVNV to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which LVNV attempts to collect in the name of LVNV; and Sherman directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of LVNV including the selection and supervision and continuous evaluation of the effectiveness of collections agencies such as Alltran. For the above reasons, Sherman is vicariously liable for the actions of LVNV, and Alltran.

40. All the actions alleged in this Complaint taken by Alltran were taken by Alltran as the "debt collector" for the "debt collector" LVNV and Sherman.

41. Based on the allegations in the above two paragraphs, LVNV and Sherman are vicariously liable for the actions of Alltran.

## FIRST CAUSE OF ACTION-CLASS CLAIM

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-41 of this Complaint.

43. The State Action annexed as Exhibit B sought to recover the past due debt which is the subject of Exhibit A.

44. The State Action sets forth that LVNV is owed interest on the sum of $1,444.77 from

September 18, 2016.

45. Exhibit A is dated November 22, 2016.

46. Exhibit A sets forth that the amount of Safont's indebtedness is $1,444.77.

47. Based on Exhibit B, on the date of Exhibit A, LVNV was accruing interest on the indebtedness of $1,444.77.

48. However, Exhibit A failed to notify Safont that his indebtedness is $1,444.77 may increase due to the aforementioned accrued interest.

49. For the above reasons, Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt by Defendants in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SECOND CAUSE OF ACTION-CLASS CLAIM

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-41 of this Complaint.

51. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## THIRD CAUSE OF ACTION-CLASS-CLAIM

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-41 of this Complaint.

53. As a result of sending Exhibit A to Safont, Defendants violated 15 USC § 1692g.

## CLASS ALLEGATIONS

54. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

55. The class consists of (a) all natural persons (b) who received a letter from Alltran on behalf of LVNV dated between November 22, 2016 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

56. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

57. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

58. The predominant common question is whether Defendant's letters violate the FDCPA.

59. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

60. A class action is the superior means of adjudicating this dispute.

61. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:   May 10, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107